# EXHIBIT D

| | |
|---|---|
| **From:** | Phil O"Beirne |
| **To:** | Joe Oliveri |
| **Cc:** | Robert Gilmore; Samantha Christensen; Kevin Attridge |
| **Subject:** | Correspondence |
| **Date:** | Thursday, October 2, 2025 4:33:06 PM |
| **Attachments:** | 2025.10.02 O"Beirne Letter to Oliveri.pdf |

Counsel,

Please see the attached correspondence to your attention.

Best Regards,

**Philip J. O'Beirne**
**Stein Mitchell Beato & Missner LLP**
2000 K St NW Suite 600
Washington DC 20006
**D** 202.661.0900
**M** 571.308.4967
**F** 202.296.8312
pobeirne@steinmitchell.com
www.steinmitchell.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended recipient. The content may be subject to the attorney-client privilege, a court sealing order, and/or constitute inside information. It is the property of Stein Mitchell Beato & Missner LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 737-7777, and immediately destroy this communication and all copies thereof, including all attachments.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



**Stein Mitchell
Beato & Missner** LLP

PHILIP J. O'BEIRNE
pobeirne@steinmitchell.com | *Direct* 202.661.0900

| 901 15th Street, NW Suite 700 Washington, DC 20005 | P 202.737.7777 F 202.296.8312 | www.steinmitchell.com |

October 2, 2025

*By Email*

Joseph Oliveri, Esq.
Clare Locke LLP
10 Prince St, Alexandria, VA 22314
joe@clarelocke.com

**Re: Glueck vs. Pienaar,** *et. al.* **Civil No. 1:25-cv-2899 (D.D.C.)**

Counsel,

I write regarding troubling evidence that came to our attention after we spoke to you several weeks ago about our efforts to serve your client. It now seems clear that Mr. Pienaar has been playing games with the Federal Rules of Civil Procedure and doing so through false representations that you made to us, I hope unknowingly.

We reached out to your firm by email on Thursday, September 11, 2025, after several weeks of attempting to serve Mr. Pienaar in Florida and the District of Columbia. Given that one of the factors to support a motion for alternative service is having attempted to contact the defendant through counsel from an unrelated matter – and given your firm's representation of Mr. Pienaar in years past – we sent you a copy of the Complaint and asked whether you would accept service.

You did not confirm receipt of our email until Monday September 15, at which time you did not accept service but indicated that you would speak with Mr. Pienaar about the matter. We next heard back on Wednesday, September 17, when you sent an email with the following representation:

> I have spoken with Mr. Pienaar. Although we are not authorized to accept service on his behalf, Mr. Pienaar has authorized me to let you know that, in accordance with Federal Rule of Civil Procedure 4(d), he will agree to waive service of process so that Mr. Glueck won't need to incur the expense and burden of serving him in the United Kingdom where he resides.  Under Rule 4(d)(3), Mr. Pienaar will have 90 days to respond to the complaint following his waiver of service.

Stein Mitchell Beato & Missner LLP

October 2, 2025<br>Page 2 of 2

As you know, the purpose of the waiver of service under the Federal Rules is to benefit both parties. The serving party saves the time and expense of service, and the waiving party obtains additional time to respond. Given that we were already several weeks into efforts to serve Mr. Pienaar at his home in Florida and his apartment in Washington D.C., a waiver was of limited value to Plaintiff here.

Regardless, your email did not merely seek an increasingly one-sided waiver benefit; it did so with the express representation that Mr. Pienaar 1) resides in the U.K. and 2) would be there for the foreseeable future, necessitating international service through the Hague Convention.

Neither of these statements were true.

*First*, Mr. Pienaar is a resident of Florida as he stated in binding judicial admissions in another litigation. Specifically, in a suit brought by Steve Baldwin and Finch Computing Corp. in D.C. Superior Court, Mr. Pienaar flatly admitted on April 14, 2025, that he resides in Sarasota, Florida. That case remains pending, and Mr. Pienaar has never amended his Answer changing that admission.

*Second*, and perhaps more troublingly, Mr. Pienaar obviously planned to be in Washington D.C. this past week. He was just at an event at the White House and meeting with C5 personnel in their D.C. office.

Thus, Mr. Pienaar (through you) falsely claimed that he lives in the U.K. and expected to be there for the foreseeable future, necessitating international service. My client only accepted your offer of a waiver and 60 additional days to file a responsive pleading based on your representations that serving him in the United States was not going to be viable.

Meanwhile, Mr. Pienaar's co-defendant, Juleana Glover, is now 2 weeks past the deadline for her responsive pleading. Ms. Glover was properly served on August 28, 2025. Despite attempting to contact Ms. Glover, we have no information about whether she has retained counsel or whether she intends to respond at all. We would view it as approaching bad faith if Mr. Pienaar and Ms. Glover are coordinating a response and attempting to shoe-horn Ms. Glover into Mr. Pienaar's waiver, granted by my client under false pretenses proffered by you.

There is no place for this type of gamesmanship under the Federal Rules, and it calls into question our ability to rely on your representations going forward. We reserve all rights, including to seek relief from the Court in the form of an accelerated response deadline.

You have yet to confirm, one way or another, whether your firm represents Mr. Pienaar *or* Ms. Glover in this matter. Please let us know immediately.

Sincerely,

*Philip O'Brien*