UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH GLUECK,

    *Plaintiff*,

    v.

ANDRE PIENAAR, *et. al*.

    *Defendants*.

Case No. 25-2899-ACR

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
REQUEST FOR PREMOTION CONFERENCE ON MOTION TO DISMISS**

    Defendants curiously object that Plaintiff included ***too much detail*** for them to understand. Their professed confusion is disproven by their opening paragraph: "According to plaintiff, defendants portrayed him as a 'vindictive liar' who used 'fraudulent documents' to 'spin up artificial narratives' and 'destroy people.'" Req. at 1. That is exactly Plaintiff's claim. A defamation claim can be based on discrete statements that each standing alone constitute defamation, or statements that—taken together—suggest a defamatory meaning. *See Passantino v. Weissmann*, 752 F. Supp. 3d 168, 176–77 (D.D.C. 2024). Plaintiff's Complaint provides painstaking detail that Defendants did both. They made specific defamatory statements about Plaintiff during a media presentation consisting almost entirely of (baseless) allegations about Plaintiff and his conduct which, when taken together, ***also*** constitute defamation.

    Nor can Defendants sidestep their liability by claiming that their statements did not target Plaintiff personally. They absolutely did. They defamed him, by name, repeatedly. Moreover, they did so as part of a coordinated strategy to get the press to repeat the defamatory claims about Plaintiff personally. And it worked. This was premeditated, first-degree defamation and Defendants cannot plead now ignorance about what they said and why.

1

### I. Plaintiff's Complaint Complies with Rule 8.

Defendants preview two equally unavailing objections under Rule 8. Defendants first assert that Plaintiff "does not quote the statements in full, or in their full context, and relies on his own characterizations of them." Req. at 3. This is simply false. Plaintiff provided exact words *in quotes* and presented the statements in offset bulleted lists.[1] Moreover, Plaintiff is unaware of what good faith basis Defendants have to suggest that the quotes provided are missing relevant portions or lack "their full context," but any such argument (1) is the opposite of the allegations being *too* detailed and (2) constitutes an improper factual dispute at the motion to dismiss stage.

Defendants then complain that "the defamatory statements appear to be repeated and weaved throughout the complaint …without any clear place dedicated to those statements." *Id*. Plaintiff's Complaint states the defamatory statements up front, provides a detailed factual background to give context to the statements, and then reiterates what was said in October 2024 and why it was defamatory. The Complaint is clear and well-pleaded under the Rules.

Courts typically fault complaints for not meeting Rule 8's minimum requirements.[2] *Bell v. District of Columbia*, 2024 WL 2846770 (D.D.C. June 5, 2024) is easily distinguishable and supports denying a motion under Rule 8. That complaint "devote[d] considerable space to topics that appear[ed] to have no bearing" on the claims (*id.* *5) and the court held that "this is not a case that spans many years, involves a large number of plaintiffs, or combines claims that have a distinct underlying factual basis." This case *does* span many years and requires extensive factual background to provide context to the 2024 defamation.

---

[1] *See* Compl.¶¶ 18-19 ("They accused Glueck of 'spinning' up false narratives about people and shopping those narratives to the media as part of Glueck's supposed efforts to "destroy people." …[T]hey accused him of using 'fabricated' information to run a 'clandestine campaign' against Pienaar and others."); ¶ 192 (bulleted list with quotes).
[2] *See, e.g., Alter v. Trump*, Docket No. 1:25-cv-00480, Minute Order, (D.D.C. Aug. 5, 2025) (Dismissing plaintiff's amended complaint for failure to comply with the minimal standard set forth in Rule 8(a)).

2

Even if Plaintiff's Complaint "contains more detail than necessary to meet the bare bones requirement of Rule 8[…] the 'short and plain statement' is a ***minimum*** standard for pleadings. […] [W]here the complaint provides additional relevant detail in a logical and coherent fashion, it serves to advance the rule's purpose of giving fair notice of the claim being asserted." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 175 (D.D.C. 2013)(emphasis in original)(cleaned up).

## II. Plaintiff's Well-Pleaded Claims Contain All Necessary Allegations.

Defendants retreat to makeweight arguments that Plaintiff's Complaint is missing necessary allegations. But a cursory review of the Complaint and the governing law shows otherwise.

**Plaintiff's Claims Are Not Derivative.** False light invasion of privacy and defamation are distinct claims, as Defendants' own cases hold. *See, e.g.*, *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001)(distinguishing the elements of the respective claims).

**Plaintiff Alleges Defamation *Per Se*.** Defendants wrongly claim that defamation *per se* requires "crimes or unlawful acts." Req. at 4. Their cited case[3] found no defamation (let alone *per se*). The concept is broader than alleged crimes. "Statements that impute to the subject a matter affecting adversely a person's fitness for trade, business, or profession are defamatory *per se*." *U.S. ex. rel. Guo v. Nat'l Endow. for Dem.* 2022 WL 503765, at *13 (D.D.C. Feb. 18, 2022). Defendants allege that Plaintiff used fraudulent documents to lie to Congress, the media, and DOJ. Given Plaintiff's profession and reputation, those statements are defamatory *per se.*

**Plaintiff Alleges Actual Malice.** Without citations, Defendants label Plaintiff's allegations of malice "conclusory and insufficient." Yet they ignore detailed factual allegations that Defendants knew (or should have known) that their statements were false. For example, Section

---

[3] *Couch v. Verizon Comms., Inc.*, 2021 WL 4476698 (D.D.C. Sept. 30, 2021).

3

H of the Complaint (¶¶215-37) addresses a central defamatory allegation, that Plaintiff supposedly used a fabricated document to falsely claim that Mr. Pienaar was on the board of a mine owned by a sanctioned oligarch.  As the Complaint explains, Mr. Pienaar admitted on YouTube that he was on the board of the mine, and he has personal knowledge that the document is authentic and accurate.  *See id.* ¶¶ 219-29.  Plaintiff more than adequately pleaded actual malice.

**Defendants Made Statements of Fact, Not Opinion or Hyperbole.**  Defendants claimed that Plaintiff used fabricated records to lie about Mr. Pienaar to law enforcement.  Those statements are neither opinion nor hyperbole.  Defendants cite *Farah v. Esquire Magazine*, 736 F. 3d 528 (D.C. Cir. 2013), as if that case involved facts akin to those at issue here.  It did not.  There, the court dismissed a defamation claim premised on clear political satire published in Esquire magazine.  If anything, the *Farah* case underscores the deference afforded to Plaintiff's allegations at the motion to dismiss stage.  The court reaffirmed its prior holding in *Weyrich v. New Republic, Inc.* that "[w]e must also assume that such statements were made by appellees with knowledge of their falsity or reckless disregard for their truth." 235 F.3d 617, 623 (D.C. Cir. 2001).  Defendants also cite the Supreme Court's opinion in *Milkovich v. Lorain J. Co.*, where the Court **reversed** the lower court and held that statements with even a "connotation" or "impression" of perjury were factual and actionable as defamation. 497 U.S. 1, 21 (1990).  Defendants offered much more than connotations and impressions.  They **repeatedly** stated as a matter of fact that Plaintiff knowingly lied about Mr. Pienaar's conduct, and gave fabricated documents to law enforcement and others to destroy Mr. Pienaar.  Those statements are false and defamatory.  As the Court reiterated in *Milkovich*: "The right of a man to the protection of his own reputation from unjustified invasion and wrongful hurt reflects no more than our basic concept of the essential dignity and worth of every human being—a concept at the root of any decent system of ordered liberty." *Id*. at 22.

4

Dated: November 25, 2025	Respectfully submitted,

  /s/ Philip J. O'Beirne
Philip J. O'Beirne (DC Bar No. 1032540)
POBeirne@steinmitchell.com
Robert B. Gilmore (DC Bar No. 492424)
RGilmore@steinmitchell.com
Kevin Attridge (DC Bar No. 1012349)
kattridge@steinmitchell.com
Megan Benevento (DC Bar No. 888229559)
MBenevento@steinmitchell.com
Samantha P. Christensen (DC Bar No. 1643399)
SChristensen@steinmitchell.com
STEIN MITCHELL BEATO
& MISSNER LLP
2000 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 737-7777 (telephone)
(202) 296-8312 (fax)

***Counsel for Plaintiff***