**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KENNETH GLUECK,

    *Plaintiff,*

    v.

ANDRE PIENAAR, *et. al.*

    *Defendants.*

Case No. 25-2899-ACR

**JOINT STIPULATION REGARDING DEFENDANTS' MOTION AT ECF NO. 32 AND
JOINT NOTICE REGARDING MOTION TO DISMISS BRIEFING SCHEDULE**

Through their undersigned counsel, all parties to this action jointly submit this stipulation and notice to (1) report their agreement and enter a joint stipulation resolving Defendants' April 13, 2026 Motion to Compel Plaintiff's Compliance with Court Directives on Alleged Defamatory Statements (ECF No. 32) and, in the remaining area of disagreement, (2) report their respective positions on the appropriate briefing schedule for Defendants' forthcoming motion to dismiss.

I.    **Joint Stipulation**

WHEREAS this action involves claims brought by Plaintiff against Defendants (collectively, the "Parties") for allegedly defamatory statements made by Defendants at an October 30, 2024 meeting (the "October 2024 Meeting");

WHEREAS on January 14, 2026, the Court entered a mediation order (ECF No. 25) (the "Mediation Order") providing, *inter alia*, that the Parties could exchange limited discovery material for purposes of mediation only, and could mark such material "Attorney's Eyes Only";

WHEREAS Plaintiff possesses an audio recording of the October 2024 Meeting (the "Recording")—not included in the Complaint or Amended Complaint—and shared it with Defendants' counsel subject to the Mediation Order's protections, including with an "Attorney's

1

Eyes Only" designation, and Defendants' counsel has prepared a certified transcript (the "Transcript") of that Recording and shared it with Plaintiff's counsel;

WHEREAS Defendants obtained a certified transcript of the Recording (the "Transcript");

WHEREAS on April 13, Defendants filed a Motion to Compel Plaintiff's Compliance with Court Directives on Alleged Defamatory Statements (ECF No. 32) (the "Motion"), including a request that Plaintiff file the Recording and that the Recording would then be deemed an attachment to the Amended Complaint for purposes of the motion to dismiss record; and

WHEREAS the Parties have now reached an agreement resolving the issues raised in the Motion;

It is hereby JOINTLY STIPULATED AND AGREED as follows:

1. The Recording is deemed incorporated by reference into Plaintiff's Amended Complaint;

2. Defendants may attach the Transcript to their motion to dismiss (and any further motion to dismiss) as part of the motion to dismiss record for purposes of this litigation, without converting the motion to one for summary judgment;

3. Defendants hereby withdraw the Motion without prejudice.

**II.     Joint Notice Regarding Motion to Dismiss Briefing Schedule**

By Order dated January 14, 2026, the Court ordered the Parties to pursue mediation of this case. That Mediation Order included the following directive: "If the parties are unable to resolve the action through mediation, the parties shall jointly submit a proposed briefing schedule for Defendants' Motion to Dismiss (or deadline to file an Answer if Defendant(s) so plead)." *Id*. at 2.

As explained further below, the Parties have conferred but were unable to agree on a joint proposed briefing schedule. The Parties' respective positions are below:

**Plaintiff's Position**

Two weeks ago, Magistrate Judge Upadhyaya terminated the mediation process as unsuccessful. The next step, per the Court's Order, was for the parties jointly to submit a motion to dismiss briefing schedule. Two weeks have been spent with unnecessary wrangling over ancillary issues, as part of what appears to be a concerted effort by Defendants to delay this case by any means necessary.

The reason the mediation was not successful was that the early *exchange* of documents contemplated by the Court's Order never occurred. Plaintiff provided all documents requested by Defendants and got essentially nothing in return. Following a hearing with the Court the day before mediation, Defendants offered AEO review of a handful of documents that Plaintiff was already aware of, and that did not include the information requested through the mediation process. The mediation was doomed to fail, by Defendants' design.

Now, as the Parties approach eight months since the filing of the Complaint, Defendants have still not filed a responsive pleading. They evaded – or ignored – service of process to secure months of delay on the front end, refused to participate in the mediation process directed by the Court for several additional months, and now request another 30 days before filing a motion to dismiss renewing arguments that they first brought to the Court for initial hearing five months ago on November 18, 2025.

The unnecessary motion practice of this week is more of the same. Defendants asked Plaintiff to consent to the use of the Recording, provided in Mediation discovery, in the forthcoming motion to dismiss briefing. Plaintiff merely asked for a reciprocal permission for Plaintiff to use the handful of documents shown but not provided by Defendants during the mediation. Defendants refused and filed their "Motion to Compel." Plaintiff has no objection to

the use of the Recording, which proves Plaintiff's case. Plaintiff was simply attempting to put a stop to the continued "heads I win, tails you lose" approach that Defendants embrace.

Plaintiff requests that the Court apply the Federal Rules – which allow 14 days from amendment to file a responsive pleading – and the Court's Local Rules, which provide 14 days for opposition and seven days for reply. Defendants' counsel take the position that they are very busy and thus need another month to file a motion to dismiss that they have been preparing since November. They have had an additional two weeks since the mediation already. The Court, the Parties, and their Counsel are all busy. But this case has been pending long enough without a responsive pleading and the normal schedule provides enough time.

## Defendants' Position

Defendants propose that the Court should enter a briefing schedule pursuant to which Defendants' motion to dismiss would be due 30 days from the date of this Joint Notice, Plaintiff's opposition would be due 30 days later, and Defendants' reply would be due 15 days later than that.

Plaintiff's position rests on (1) assertions about Defendants' motives in seeking clarification about the nature of Plaintiff's claims and the scope of the motion to dismiss record (2) characterizations of Defendants' conduct during a confidential mediation.  With respect to the latter topic, Defendants are content to note that the Court is aware of the parties' dispute relating to the exchange of discovery material from their joint filing (ECF No. 28) and from the March 16 hearing at which the Court resolved that dispute, and that Judge Upadhyaya is aware of the reasons that the mediation was ultimately unsuccessful.

With respect to the former issue, Plaintiff describes Defendants' conduct since the mediation concluded on March 30 as "unnecessary wrangling over ancillary issues, as part of what appears to be a concerted effort by Defendants to delay this case by any means necessary." *Supra*

at 3.  To the contrary, and as set forth in Defendants' April 13 motion, Dkt. 32, that unfortunate "wrangling" was necessitated by Plaintiff's refusal to confirm that the statements set forth in Exhibit A to his Amended Complaint were, in fact, the only statements he alleged to be defamatory, and then (after Plaintiff took the position that the October 30, 2024 meeting was defamatory in its "entirety"), by Plaintiff's refusal to agree to submit the recording on which he "based the complaint" for consideration as part of the motion to dismiss record unless Defendants also agreed to share documents that are *not* properly part of the motion to dismiss record and would be available, if at all, only in the course of discovery.  *See generally* ECF No. 32; *supra* at 3. Had Plaintiff instead agreed to today's joint stipulation when Defendants proposed it on April 6, Defendants' motion would have been unnecessary.

Plaintiff appears to think that a further 30 days for Defendants to file their motion to dismiss is unreasonable, notwithstanding the professional commitments outlined below, because Defendants have purportedly been "preparing [the motion] since November."  In fact, and consistent with the Court's goal of "sav[ing] everyone a ton of money," by attempting mediation, Defendants and their counsel have spent the time since the pre-motion conference participating in that mediation in good faith, with the goal of avoiding the very motion to dismiss that they now have to file.  Dkt. 24-1 ("Dec. 17 Tr."), at 34:9-10; *see id.* at 32:20-23 ("[I]n the meantime, you guys can start drafting your motion to dismiss or you can wait until you get all this figured out. It's totally up to you, whether your client wants to spend the money.").  Since that time, Plaintiff has filed an Amended Complaint that equivocated about which statements he alleged to be defamatory, took the position that the October 30, 2024 Meeting was defamatory in its "entirety," acknowledged on the record that he "based the complaint" on a recording in his possession, and then declined to submit that recording as part of the motion to dismiss record without litigation.

Only as of today's joint stipulation do Defendants finally have clarity about what Plaintiff's claims are based on.

As Defendants' counsel has communicated to Plaintiff's counsel, a 30/30/15 day schedule from today's date would not be unreasonable under ordinary circumstances, but is especially not so given Defendants' counsel's significant upcoming professional obligations. To list a representative sample, Mr. Gottlieb and Mr. Nathan are scheduled to go to trial on May 18 in *Lively v. Wayfarer Studios, LLC*, No. 24-cv-10049 (S.D.N.Y.)—a jury trial estimated to last at least three weeks—and are currently engaged in trial prep, which (among other things) required filing the joint pretrial order and related submissions on April 10, and now includes briefing deadlines for oppositions to motions in limine (April 17), *Daubert* motions (April 24), one party's renewed motion for summary judgment (April 17), a motion for judgment on the pleadings (April 24), and various other pressing trial prep tasks. In addition to that, Mr. Gottlieb has a reply brief due April 17 in *Graham v. UMG Recordings, Inc.*, No. 25-2758 (2d Cir.), a May 14 oral argument in *Petroleos De Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 25-2652 (2d Cir.), while Mr. Nathan has a merits brief due April 22 in *Davis v. Cisneros*, No. 25-50693 (5th Cir.), and a merits brief due May 4 (with an extension request to May 18 forthcoming) in *Lopez Belloza v. Hyde*, No. 26-1236 (1st Cir.), all in addition to numerous other professional obligations that are not a matter of public record. For his part, Mr. Meadows is scheduled for federal jury service in the Eastern District of Virginia from May 1-15, which involves a two-week "on call" period (and, if he is selected to serve on a jury, further service of uncertain duration)—meaning that Mr. Meadows must prepare over the next two weeks for the very real possibility that he will be unable to maintain regular working hours throughout at least the first half of May.

In light of the commitments outlined above, a 30/30/15 day briefing schedule already represents a significant accommodation to Plaintiff's desire for expedition. Defendants respectfully submit that the Court should enter a 30/30/15 day briefing schedule from the date of this Joint Notice.

Dated: April 15, 2026

Respectfully submitted,

*/s/ Joseph L. Meadows*
Joseph L. Meadows (D.C. Bar No. 467441)
Courtney R. Abbott (D.C. Bar No. 488653)
Gloria R. Cannon (D.C. Bar No. 90020115)
GORDON REES SCULLY
MANSUKHANI LLP
277 S. Washington Street, Suite 550
Alexandria, VA 22314
Tel: (202) 399-1099
jmeadows@grsm.com
cabbott@grsm.com
gcannon@grsm.com

**Counsel for Defendants**

Michael J. Gottlieb (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3111
mgottlieb@willkie.com

Aaron E. Nathan (D.C. Bar No. 1047269)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Ave
New York, NY 10019
(212) 728-8904
anathan@willkie.com

**Counsel for Defendant Juleanna Glover**

*/s/ Philip J. O'Beirne*
Philip J. O'Beirne (DC Bar No. 1032540)
pobeirne@steinmitchell.com
Robert B. Gilmore (DC Bar No. 492424)
rgilmore@steinmitchell.com
Kevin Attridge (DC Bar No. 1012349)
kattridge@steinmitchell.com
Megan Benevento (DC Bar No. 888229559)
mbenevento@steinmitchell.com
Samantha P. Christensen (DC Bar No. 1643399)
schristensen@steinmitchell.com
STEIN MITCHELL BEATO & MISSNER LLP
2000 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 737-7777 (telephone)

**Counsel for Plaintiff**